LoConto, J.
This matter came before the trial court judge on a statement of agreed facts. He ruled in favor of the defendant as a matter of law and we agree. The relevant facts are as follows.
On June 18, 1987, the defendant (Bank) loaned $10,000.00 to George McLellan and Joseph Fitzpatrick, dba A & J Excavating of East Douglas, Massachusetts. The individuals signed a promissory note for $10,000.00 and a security agreement granting the Bank a security interest in their 1976 Case backhoe model 680E, serial number 9122358.
On July 8, 1987, the Bank filed the financing statement with the Town Clerk of Douglas, Massachusetts. In addition, the Bank filed a similar financing statement with the Secretary of State. These filed statements were never terminated. On November 2, 1987, the above named partnership was dissolved and George A. McLellan assumed the business as a sole proprietorship. On November 3,1987, George A McLellan, individually, borrowed $9,400.00 from the plaintiff (Upton) and pledged the same backhoe as collateral. The financing statements were recorded in the Northbridge, Massachusetts office of the Town Clerk and with the Secretary of State on November 12 and November 20, 1987, respectively.
On January 13,1988, George A McLellan, individually, borrowed an additional $25,475.00 from the Bank, which sum included the balance of the original loan to the partnership of $10,000.00.
*66 Since Mr. McLellan was a resident of Northbridge, Massachusetts, the financing statement which listed as collateral the above mentioned backhoe and another piece of equipment, was filed at the Town Clerk’s office of that town and with the Secretary of State on January 21, 1988, and January 25, 1988, respectively.
On November 21, 1988, George A McLellan filed bankruptcy and the trustee in bankruptcy released all his interest in the equipment of the bankrupt.
On December 29, 1988, the Bank sued George A McLellan for his failure to repay the loan of January 13, 1988. The Bank was unaware of any interest Upton may have had in the backhoe and therefore it never notified Upton of said action, including the entry of judgment in its favor. At the time of the suit, the value of the b ackhoe was in excess of the balance of the loan due Upton.
Upton brought this action against the Bank to recover the interest Upton claimed it possessed in the backhoe.
The Uniform Commercial Code addresses the issue of the competing claims of secured creditors. Unless otherwise governed by other rules, priority between conflicting security interests in the same collateral shall be determined according to the following rules: “(a) Conflicting security interests rank according to priority in time of filing or perfection. Priority dates from the time a filing is first made covering the collateral or the time the security interest is first perfected, whichever is earlier, provided that there is no period thereafter when there is neither filing nor perfection.” G.L.c. 106, §9-312(5) (a). In addition, “[I]f future advances are made while a security interest is perfected by filing, the taking of possession, or under Section 8-321 on securities, the security interest has the same priority for the purpose of subsection (5) with respect to the future advances as it does with respect to the first advance.” G.L.c. 106, §9-132(7).
Therefore, the Bank’s subsequent security interests has the same priority as the Bank’s first advance. Accordingly, judgment properly entered for the Bank and we dismiss the report.